**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JULIAN DILLARD,

    Plaintiff

v.                                                               CASE NO: 8:09-cv-323-T-30EAJ

OFFICER MICHAEL BUSH,
in his Individual Capacity,

    Defendant.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Officer Michael Bush's[1] Motion to Dismiss Plaintiff's Complaint or for Summary Judgment (Dkt. #10). Having considered the Motion, Plaintiff's Response (Dkt. #16), and Defendant's Objection to the Response (Dkt. #20), the Court declines to rule on the question of summary judgment and concludes that the Motion to Dismiss must be DENIED, because Plaintiff's Complaint states a claim upon which relief may be granted.

### **Motion to Dismiss Standard**

A complaint must provide a short and plain statement of the facts upon which relief may be granted. Fed. Rules Civ. Proc. 8 & 12(b)(6). While a complaint need not give

---

[1] The Motion was originally filed by Officers Michael Bush and Lisa Krzyiak. The complaint against Officer Krzyiak has since been dismissed with prejudice by stipulation of the parties, so the Court will consider the motion as coming solely from Officer Bush.

detailed factual allegations, to survive a Rule 12(b)(6) motion to dismiss, a complaint's factual assertions, when assumed to be true, must be enough to raise a right to relief above a speculative level. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009). All facts in the complaint must be accepted as true and the Court must draw all inferences in favor of the Plaintiff. Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008).

## Discussion

Plaintiff, Julian Dillard, timely filed a 19 count complaint against Defendants City of St. Petersburg, Florida, in its Official Capacity, Officer Michael Bush, in his Individual Capacity, and Officer Lisa Krzyiak, in her Individual Capacity. Defendants move to dismiss all counts of the complaint for failure to state a claim under Federal Rule of Procedure 12(b)(6). Plaintiff timely filed a response, and Defendant filed an objection to the inclusion of certain exhibits in the response. Since the initiation of the motion to dismiss, the parties have stipulated to dismiss with prejudice all counts of the complaint except for Counts I, XIII, and XV which apply only to Defendant Bush, so the Court will only address those counts as to the sole remaining Defendant.

**I.      42 U.S.C. § 1983 Excessive Force Battery Claim (Count I)**

Plaintiff contends that Defendant's actions constitute excessive force battery by a law enforcement officer, in violation of the laws of the United States. Plaintiff alleges that Defendant pulled him over and made him get out of his vehicle. Plaintiff asserts that at the time the Plaintiff cooperated with the Defendant and provided his hands to be cuffed and in no way resisted the Defendant, except that he moved slowly because of a recent surgery.

Plaintiff alleges that, in spite of being suspected of only a misdemeanor and complying with Defendant in every relevant way, Defendant slammed Plaintiff's head onto the trunk of Defendant's cruiser and hyperextended Plaintiff's arms behind and over Plaintiff's head for no legitimate law enforcement purpose.

A government employee is entitled to qualified immunity which will protect him from suit unless, at the time of the conduct, pre-existing law compels the conclusion that all reasonable, similarly situated public officials would find that Defendant's conduct violated Plaintiff's federal rights in the circumstances. Rodriguez v. Farrell, 280 F.3d 1341, 1349 (11th Cir. 2002). Once it is established that Defendant was acting within the scope of his discretionary authority, as in the present case, the burden shifts to the Plaintiff to show why qualified immunity is not appropriate. Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002). As mentioned above, however, the Court, when ruling on a motion to dismiss, must accept all of the Plaintiff's allegations as true and draw all inferences in his favor.

The Eleventh Circuit has evaluated excessive force claims using three factors: (1) the severity of the offenses charged, (2) danger posed by the subject to the officer, and (3) the risk of flight. Galvez v. Bruce, 552 F.3d 1238, 1243 (11th Cir. 2008) . Concluding that all allegations of the Plaintiff are true, the Plaintiff was stopped for, at most, running two stop signs, suspected possession of marijuana, and nonviolently resisting arrest, and offered no resistance while complying with each of the Defendant's directions. The Court, therefore, must find that "a jury could find that his constitutional rights to be free from excessive force during the arrest were violated." Galvez v. Bruce, 552 F.3d 1238, 1243 (11th Cir. 2008).

## II. State Excessive Battery Claim (Count XIII)

Plaintiff contends that Defendant's actions constitute unreasonable restraint and battery with unnecessary and excessive force causing injury to Plaintiff in violation of Florida law. Defendant, in his motion, argues that Florida law provides immunity for his actions. Florida statutes provide that no "employee . . . of the state or of any of its subdivisions shall be held personally liable . . . for any injury . . . suffered as a result of any act . . . [done] in the scope of . . . his employment or function, unless [the employee] acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28.

Because the Court, as discussed above, must accept all allegations by the Plaintiff as true and draw all inferences in his favor, the Court must evaluate this standard in light of a police officer hyperextending the Plaintiff's arms and slamming him into Defendant's cruiser. Drawing all inferences in favor of the Plaintiff, the Court concludes that the Plaintiff has shown a ground upon which relief may be granted through the facts alleged and contentions of malicious purpose.

Here, the Defendant wishes to point out that force may be used to effectuate an arrest. On this point, there it little doubt. The Defendant seems to rely on his own affidavit and contend that force may never be used to resist any arrest. For the purposes of this motion, however, the Court is bound to accept as true what the Plaintiff has put forth in his complaint, which indicates that there was no resistance at all.

### III. State Intentional Infliction of Emotional Distress Claim (Count XV)

Plaintiff alleges that Defendant intentionally inflicted emotional distress on Plaintiff and that Defendant's conduct constitutes a deliberate or reckless infliction of emotional distress under Florida law. Defendant seems to argue that, in addition to the claims in the prior section, only that Plaintiff's argument is vague and conclusory. Defendant provides no reasoning behind this general statement.

The Court must note, as above, that the Plaintiff is only required to provide a short and plain statement showing he is entitled to relief. Plaintiff has alleged sufficient elements to show that there was outrageous conduct in hyperextending his arms and slamming him into a car.

Defendant has failed to demonstrate that Plaintiff has failed to state a claim upon which relief may be granted. Because this Court did not reach the question of summary judgment, Defendant's contentions as to the attachments of Plaintiff's response need not be reached.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Plaintiff's Complaint or for Summary Judgment (Dkt. #10) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on June 2, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2009\09-cv-323.mtd 10.wpd